Donald S. Burris (SBN 68523)
E. Randol Schoenberg (SBN 155281)
Laura Brys (SBN 242100)
BURRIS & SCHOENBERG, LLP
12121 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone: (310) 442-5559
Facsimile: (310) 442-0353

Lawrence M. Kaye (Pro Hac Vice Application to be Filed)
Howard N. Spiegler (Pro Hac Vice Application to be Filed)
Frank K. Lord, IV (Pro Hac Vice Application to be Filed)
HERRICK, FEINSTEIN LLP
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500

Attorneys for Plaintiff
MAREI VON SAHER

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAREI VON SAHER, | CASE NO. CV07-02866 JFW (JTLx) |
| Plaintiff, | COMPLAINT FOR: |
| v. | 1. Replevin;<br>2. Conversion; |
| NORTON SIMON MUSEUM OF ART AT PASADENA, NORTON SIMON ART FOUNDATION, and THE NORTON SIMON FOUNDATION, | 3. Damages Under California Penal Code 496;<br>4. Quiet Title;<br>5. Declaratory Relief; and<br>[DEMAND FOR JURY TRIAL] |
| Defendants. | |

Plaintiff Marei von Saher, by her attorneys, for her Complaint against

COMPLAINT

```
5/1/2007 4:23:40 PM Receipt #: 956632
          Cashier: RSINGH CLAI-1]
Paid by: DDS LEGAL SUPPORT

2007-006900     5 - Civil Filing Fee(1)
Amount :                           $60.00

2007-510000     11 - Special Fund F/F(1)
Amount :                          $190.00

2007-006400     Filing Fee - Special(1)
Amount :                         $100.00
Check Payment : 65193 /          350.00
```

Defendants, alleges as follows:

## NATURE OF THE ACTION

1. This is an action pursuant to California Code of Civil Procedure Section 354.3, California Penal Code Section 496 and the common law to recover the diptych entitled "Adam and Eve," a pair of life-sized oil paintings on wood panels by the sixteenth century German artist Lucas Cranach the Elder (hereinafter referred to as the "Cranachs"). The Cranachs were looted by the Nazis from a noted Jewish collector and dealer during their occupation of the Netherlands in 1940, and are currently in the possession, custody and control of Defendants in the State of California and within this judicial district.

## THE PARTIES

2. Plaintiff, Marei von Saher ("Marei"), is an individual residing and domiciled in the State of Connecticut. She is the widow of Edward G. von Saher (formerly Edward J. Goudstikker, hereinafter "Edo"), the only child of Jacques Goudstikker ("Goudstikker" or "Jacques") and his wife, Desiree ("Desi"). Jacques' gallery, Kunsthandel J. Goudstikker N.V. (the "Goudstikker Gallery"), was one of the leading art dealerships in Europe before World War II and Jacques, one of the most prominent and important Old Masters art dealers in the Netherlands, was the principal shareholder. His mother, Emilie Sellisberger Goudstikker ("Emilie"), was the only other shareholder. Marei, Jacques' daughter-in-law, is the sole living heir of the original shareholders of the Goudstikker Gallery.

3. Upon information and belief, Defendant Norton Simon Museum of Art, located in Pasadena, California, is and at all relevant times was a public benefit corporation, organized and operated under the laws of the State of California as an art museum open to the public, with its principal place of business located on the museum premises at 411 West Colorado Boulevard, Pasadena, California.

COMPLAINT

2

4. Upon information and belief, Defendant Norton Simon Art Foundation is and at all relevant times was a public benefit corporation organized and operated under the laws of the State of California, with its principal place of business located on the museum premises in Pasadena.

5. Upon information and belief, Defendant The Norton Simon Foundation is and at all relevant times was a public benefit corporation organized and operated under the laws of the State of California, with its principal place of business also located on the museum premises in Pasadena.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of the claims set forth hereunder pursuant to federal diversity jurisdiction under Article III, Section 2 and Article I, Section 9 of the United States Constitution, and under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff, a citizen of Connecticut, and the Defendants, who are all citizens of the State of California.

7. This Court has personal jurisdiction over each of the Defendants under the doctrines of general jurisdiction, based on their substantial and continuous contacts with California, the forum state, and their offices located in this state, and, alternatively, based on specific personal jurisdiction because the substance of this case relates to Defendants' business activities, i.e., the wrongful continued possession of the diptych entitled "Adam" and "Eve" by Lucas Cranach the Elder, in California and within this judicial district, which activities constitute, at least in part, their actions, or failures to act, leading to the filing of this Complaint.

8. This Court also has in rem jurisdiction to determine claims of ownership to property located within this State.

COMPLAINT

3

9. Venue in this district is properly predicated on both 28 U.S.C. 1391(a)(1), in that each of the Defendants is situated within this judicial district, and pursuant to 28 U.S.C. 1391(a)(2) in that the subject matter of this action -- the Cranachs -- is situated within this judicial district.

## FACTUAL ALLEGATIONS

### The Cranachs' Early History and Their Acquisition by Jacques Goudstikker

10. Lucas Cranach the Elder (1472-1553), a well-known artist, painted the paintings "Adam" and "Eve" in or about 1530. Each of the two respective wooden panels on which each figure appears measures 75 x 27 inches in size.

11. The Cranachs had been housed for some time at the Church of Holy Trinity in Kiev, Ukraine. By the early 1920s, they had been sent to the repositories of a state-owned Kiev museum at Kievo Pecherskaia Lawra Monastery, and in or about 1927, were transferred to the repositories of the Museum of the Ukrainian Academy of Science, also located in Kiev.

12. Beginning in or about 1929, the Soviet authorities arranged to sell certain state-owned artworks abroad, including those that had been housed in various state-owned museums, among them the Cranachs, as well as artworks formerly in the collection of the Stroganoff family (the "Stroganoff Collection").

13. State-owned artworks were collected and sold at Rudolph Lepke's Kunst-Auctions-Haus (the "Lepke Auction House") in Berlin, Germany in or about May 1931 in an auction that was titled simply the "Stroganoff Collection". Not all of the artworks in the auction, however, had actually been part of the Stroganoff Collection. Some of the artworks, like the Cranachs, were not at that time, and had never been, part of the Stroganoff Collection. Jacques purchased the Cranachs at the auction.

COMPLAINT

4

## Nazi Confiscation of the Cranachs and
## Their Subsequent Transfer to the Netherlands by Allied Forces

14. On May 10, 1940, Nazi troops invaded and conquered the Netherlands. Because they were Jewish, the prominent Goudstikkers (in addition to Jacques' fame as the premier Dutch dealer in Old Master paintings, his wife Desi was a renowned opera singer) were forced to flee for their lives. Shortly after the invasion, Jacques, Desi and Edo, then just over one year old, left the country with only a few personal effects, leaving everything else behind, including the Goudstikker Gallery and all of its assets. These assets included some 1,200 artworks, including Rembrandts, Steens, Ruisdaels, van Goghs and the Cranachs (the "Goudstikker Collection"), as well as Oostermeer, the Goudstikkers' residence; Nijenrode, a twelfth-century castle; and Herengracht 458, a seventeenth-century canal building in Amsterdam.

15. Jacques, Desi and Edo escaped on the SS Bodegraven, a ship traveling to South America. The ship stopped first in England, where only the soldiers on board were permitted to disembark and all of the other passengers remained on board. The ship's captain ordered all of the men into the hull, allowing only women and children to stay in the cabins. Desi, however, refused to leave Jacques' side, and she and Edo went below deck with him. In the early morning of May 16, 1940, Jacques, seeking some fresh air, went up to the deck of the ship and accidentally and tragically fell to his death through an uncovered hatch.

16. At the time of his death, Jacques had in his possession a black notebook, which has come to be known by art historians and experts around the world as the "Blackbook." The Blackbook contained entries describing artworks in the Goudstikker Collection at that time. Desi retrieved the Blackbook at the time of Jacques' death, and it is currently located in the Goudstikker archives, maintained by the Municipal Archives of Amsterdam.

COMPLAINT

5

17. The Blackbook lists the Cranachs as Numbers 2721 and 2722, and indicates that they were purchased at the Lepke Auction House and were from the Church of Holy Trinity in Kiev.

18. Shortly after the Nazi invasion of the Netherlands, Nazi Reichsmarschall Hermann Goering ("Goering"), second in command for the Third Reich, looted paintings, drawings, antiquities and other works of art, including the Cranachs, from the Goudstikker Collection.

19. Goering sent the Cranachs to Carinhall, his country estate near Berlin, where they remained until the Allied Forces' invasion of Germany.

20. During and after their invasion of Germany and their liberation of Nazi-occupied countries, Allied troops discovered huge numbers of artworks and other property that had been looted by the Nazi authorities and removed from their countries of origin. The policy of the Allied governments was to return this property to the governments of their countries of origin so that it could be returned to their rightful owners, from whom it had been stolen.

21. In or about November 1944, the Dutch Government in Exile in London advised Desi Goudstikker that after liberation one of its primary concerns would be to restore looted works of art to their rightful owners, and consequently requested information from her regarding the contents of the Goudstikker Collection. She presented a photocopy of the Blackbook to the Dutch authorities so that they could identify artworks from the Goudstikker Collection that had been looted by the Nazis.

22. In or about May 1945, the Allied Forces discovered Goering's collection of artworks and sent them to the Munich Central Collecting Point, where those that had been part of the Goudstikker Collection, including the Cranachs, were identified. In or about 1946, the Allied Forces returned the artworks from the Goudstikker Collection to the Government of the Netherlands

COMPLAINT

to be held in trust for their lawful owners, the Goudstikker Gallery, and its sole shareholders: Jacques Goudstikker's wife Desi, his son, Edo and his mother, Emilie.

23. In or about 1946, Desi Goudstikker returned to the Netherlands in order to arrange for the restitution of the looted Goudstikker property. The Dutch authorities, however, did not restitute to the Goudstikker family the artworks from the Goudstikker Collection that had been returned by the Allied Forces.

24. On or about June 9, 1947, Desi and Edo became American citizens.

25. On or about May 31, 1950, Desi married August Edward Dimitri von Saher.

26. In or about 1952, the name of the Goudstikker Gallery was changed to Amsterdamse Negotiatie Compagnie NV ("ANC").

27. In or about 1954, Emilie died, and in accordance with her will, Desi and Edo inherited all of her assets. As a result, Desi and Edo became the sole living heirs of Jacques Goudstikker and the sole shareholders of ANC.

28. In or about 1960, ANC was liquidated and its assets were distributed to its shareholders.

**Transfer of the Cranachs to Stroganoff and to Defendants**

29. Upon information and belief, in or about May 1961, George Stroganoff Scherbatoff ("Stroganoff") claimed the Cranachs from the Dutch authorities, asserting that they belonged to his family and that the Dutch Government had no right, title or interest to or in them.

30. On or about July 22, 1966, even though the Cranachs belonged to the Goudstikker heirs, the Dutch authorities wrongfully delivered the Cranachs to Stroganoff, purportedly as part of a sale transaction.

31. Upon information and belief, in or about 1971, Spencer

COMPLAINT

7

Samuels, a New York art dealer ("Samuels"), acquired the Cranachs from Stroganoff, either as an agent for Stroganoff or as a purported purchaser.

32. In or about 1971, one or more of the Defendants acquired the Cranachs either from Samuels or Stroganoff by a purported purchase. Defendants have wrongfully continued to retain possession of the Cranachs since that time.

33. On October 23, 1972, Plaintiff, Marei von Saher, married Edo.

34. On or about February 13, 1996, Desi died, and in accordance with her will, Edo, the sole living heir of Jacques and Emilie, inherited all of Desi's assets.

35. On or about July 21, 1996, Edo died, and in accordance with his will, Marei inherited all of his assets. As a result, Marei became, and remains at the present time, the sole living heir of Jacques Goudstikker and Emilie Sellisberger Goudstikker, the original shareholders in the Goudstikker Gallery.

36. In or about November 2000, Plaintiff discovered that the Cranachs were in Defendants' possession.

37. On February 6, 2006, the Dutch Government decided to restitute to Marei all of the artworks in its custody that, like the Cranachs, had been looted from Jacques by Goering and returned to the Dutch Government by the Allies.

38. Despite Plaintiff's repeated demands, Defendants, acting individually and in concert, have failed and refused to deliver the Cranachs to Plaintiff, and the Cranachs have remained in the possession of the Defendants through the filing of this Complaint.

39. Pursuant to the provisions of California Code of Civil Procedure Section 354.3, this action may be brought on or before December 31, 2010.

COMPLAINT

## FIRST CLAIM
### (For Replevin Against All Defendants)

40. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Plaintiff is the rightful owner and is thus entitled to recover sole possession of the Cranachs.

42. The Cranachs are unique and irreplaceable works of art.

43. Plaintiff has demanded the return of the Cranachs, or fair equivalent compensation, which demand has been refused by Defendants.

44. As a result, Defendants have damaged Plaintiff in an amount to be determined at trial. Plaintiff seeks the return of the Cranachs, or alternatively, compensation for their loss from Defendants.

## SECOND CLAIM
### (For Conversion Against All Defendants)

45. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

46. Plaintiff is the rightful owner, and is thus entitled to recover sole possession, of the Cranachs.

47. Defendants converted and appropriated the Cranachs to their own use in complete disregard and derogation of Plaintiff's rights, title and interest in and to the Cranachs.

48. As a result of Defendants' wrongful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

///

///

COMPLAINT

9

## THIRD CLAIM
### (For Damages Under California Penal Code 496 Against All Defendants)

49. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

50. The Cranachs were unlawfully taken by the Nazis and never returned to their rightful owners.

51. Defendants do not have good title to the Cranachs.

52. Plaintiff has made a demand for return of the Cranachs.

53. Defendants have unlawfully refused to return the Cranachs, in violation of California Penal Code § 496, notwithstanding Plaintiff's demands, Defendants' knowledge that the Cranachs were stolen and the fact that Defendants have no viable legal defense to Plaintiff's claim to the Cranachs.

54. Plaintiff has been damaged by the unlawful withholding of her property, and is therefore entitled under Penal Code § 496(c) to a judgment against Defendants for at least $135 million, which sum is three times the amount of her actual damages, currently estimated to be at least $45 million and subject to proof at trial.

## FOURTH CLAIM
### (To Quiet Title Against All Defendants)

55. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

56. The Cranachs were unlawfully taken by the Nazis and never returned to their rightful owners.

57. Defendants do not have good title to the Cranachs.

58. Plaintiff has made a demand for return of the Cranachs.

59. Defendants have unlawfully refused to return the Cranachs.

60. Plaintiff is entitled to a judgment that she has title to the

---

COMPLAINT

Cranachs and that Defendants do not have such title.

## FIFTH CLAIM
### (For Declaratory Relief Against All Defendants)

61. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

62. The Cranachs were unlawfully taken by the Nazis and never returned to their rightful owners.

63. Defendants do not have good title to the Cranachs.

64. Plaintiff has demanded the return of the Cranachs.

65. Defendants have unlawfully refused to return the Cranachs.

66. Plaintiff is entitled to a judgment declaring that she is the rightful owner of the Cranachs and that Defendants have no right, title and interest in and to them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

67. For an order restraining Defendants, their officers, directors, agents, servants, employees and attorneys and persons acting in concert with them or pursuant to their instructions, from selling, transferring, pledging, dispersing or otherwise disposing of the Cranachs during the pendency of this action;

68. For a declaration that Plaintiff is the rightful owner, and entitled to immediate possession of, the Cranachs;

69. For an order quieting title in the Cranachs in Plaintiff and against Defendants;

70. For an order directing that Defendants immediately deliver the Cranachs to Plaintiff;

71. For an order awarding to Plaintiff damages in an amount to be

COMPLAINT

determined at trial, but which is reasonably believed to be at least $45 million;

72. For treble damages pursuant to Penal Code § 496(c) in the amount of at least $135 million as will be established at trial;

73. For attorneys' fees pursuant to Penal Code 496(c);

74. For an award to Plaintiff for the costs and disbursements of this action; and

75. For such other and further relief as this Court deems just and proper.

Dated: May 1, 2007

Respectfully submitted,

BURRIS & SCHOENBERG, LLP

By: /s/ Donald S. Burris
Donald S. Burris
Attorneys for Plaintiff

HERRICK, FEINSTEIN LLP

Lawrence M. Kaye
Howard N. Spiegler
Frank K. Lord, IV
Attorneys for Plaintiff

///
///

---

COMPLAINT

12

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of the causes of action set forth in this Complaint.

Dated: May 1, 2007

Respectfully submitted,

BURRIS & SCHOENBERG, LLP

By: _____
Donald S. Burris
Attorneys for Plaintiff

HERRICK, FEINSTEIN LLP

Lawrence M. Kaye
Howard N. Spiegler
Frank K. Lord, IV
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MAREI VON SAHER

**DEFENDANTS**
NORTON SIMON MUSEUM OF ART AT PASADENA, NORTON SIMON ART FOUNDATION, and THE NORTON SIMON FOUNDATION

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Fairfield County, State of Connecticut

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Los Angeles County, State of California

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BURRIS & SCHOENBERG LLP
12121 Wilshire Blvd., #800
Los Angeles, CA 90025
(310) 442-0353

Attorneys (If Known)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213) 683-9100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No
☒ **MONEY DEMANDED IN COMPLAINT:** $ believed to be at least 45 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Replevin, Conversion, Damages Under Penal Code Section 496, Quiet Title, Declaratory Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☒ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): CV07-02866

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Plaintiff MAREI VON SAHER - State of Connecticut (Fairfield County)

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Defendants NORTON SIMON MUSEUM OF ART AT PASADENA, NORTON SIMON ART FOUNDATION, and THE NORTON SIMON FOUNDATION - County of Los Angeles

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
County of Los Angeles, State of California and Amsterdam, Netherlands

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date May 1, 2007

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Jennifer T. Lum.

The case number on all documents filed with the Court should read as follows:

**CV07- 2866 JFW (JTLx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAREI VON SAHER<br><br>                                    PLAINTIFF(S)<br>v.<br>NORTON SIMON MUSEUM OF ART AT PASADENA, NORTON SIMON ART FOUNDATION, and THE NORTON SIMON FOUNDATION,<br><br>                                    DEFENDANT(S). | CASE NUMBER<br><br>CV 07-02866 JFW (JTLx)<br><br>SUMMONS |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney BURRIS & SCHOENBERG LLP_____, whose address is:

12121 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Phone: (310) 442-5559
Fax: (310) 442-0353

an answer to the  ☒ complaint  ☐ _____ amended complaint  ☐ counterclaim  ☐ cross-claim which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Dated: ☐ 1 MAY 2007 _____

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

MELONI WARREN
SEAL

DOCKETED ON CM
MAY 10 2007
BY _____ 067

CV-01A (01/01)                                    SUMMONS