THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES -- GENERAL

Case No.    **CV 07-2866-JFW (JTLx)**                         Date:  October 18, 2007

Title:      Marei von Saher -v- Norton Simon Museum of Art At Pasadena, et al.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                       None

**PROCEEDINGS (IN CHAMBERS):**  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [filed 7/9/07; Docket No. 20]

**ORDER VACATING SCHEDULING CONFERENCE**

On July 9, 2007, Defendants Norton Simon Museum of Art at Pasadena, Norton Simon Art Foundation, and Norton Simon Foundation (collectively "Defendants") filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted. On August 20, 2007, Plaintiff Marei von Saher ("Plaintiff") filed her Opposition. On August 20, 2007, the Court granted the Application of Bet Tzedek Legal Services, the Jewish Federation Council of Greater Los Angeles, and the American Jewish Congress for Leave to File Memorandum as Amici Curiae. On September 17, 2007, Defendants filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 22, 2007 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

*Adam* and *Eve*, two sixteenth century oil paintings on wood panels by Lucas Cranach the Elder, (the "Cranachs") are currently on display at Defendant Norton Simon Museum of Art at Pasadena. The Cranachs were acquired by Defendants Norton Simon Foundation and Norton Simon Art Foundation from George Stroganoff-Scherbatoff in 1971 and have been continuously on display at the Museum since 1979.

Initials of Deputy Clerk _sr_

ENTERED
CLERK, U S DISTRICT COURT
OCT 19 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                       DEPUTY

On May 1, 2007, Plaintiff filed a Complaint against Defendants in which she alleges that "[t]he Cranachs were looted by the Nazis from a noted Jewish [art] collector and dealer[, Jacques Goudstikker,] during their occupation of the Netherlands in 1940." Complaint at ¶ 1. Plaintiff claims that as the "sole living heir" of Mr. Goudstikker, she is "the rightful owner, and is thus entitled to recover sole possession, of the Cranachs." *Id.* at ¶¶ 2, 41, 46. Plaintiff brings this action under California Code of Civil Procedure § 354.3 and alleges the following claims for relief: (1) Replevin; (2) Conversion; (3) Damages under California Penal Code § 496; (4) Quiet title; and (5) Declaratory relief.

Defendants move to dismiss each of Plaintiff's claims on the grounds that: (1) they are barred by California's three years statute of limitations in California Code of Civil Procedure § 338 and cannot be revived by Section 354.3 because Section 354.3 is unconstitutional on its face and as applied; (2) Plaintiff cannot establish "plausible grounds" for challenging Defendant Norton Simon Art Foundation's ownership of the Cranachs; and (3) Plaintiff has not and cannot plead sufficient facts to establish a violation of California Penal Code § 496.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Accordingly, "[a] Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (*quoting Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (*citing Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to FRE 201 without converting the motion to dismiss into a motion for summary judgment. *See id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

In their motion, Defendants argue that Section 354.3 is unconstitutional on its face on the grounds that it "has the purpose and effect of inserting California into the business of remedying war injuries, a matter of exclusive federal competence." Motion at 12. Section 354.3, which became effective on January 1, 2003, provides:

> (a) The following definitions govern the construction of this section:
>> (1) "Entity" means any museum or gallery that displays, exhibits, or sells any article of historical, interpretive, scientific, or artistic significance.

> (2) "Holocaust-era artwork" means any article of artistic significance taken as a result of Nazi persecution during the period of 1929 to 1945, inclusive.
> (b) Notwithstanding any other provision of law, any owner, or heir or beneficiary of an owner, of Holocaust-era artwork, may bring an action to recover Holocaust-era artwork from any entity described in paragraph (1) of subdivision (a). Subject to Section 410.10, that action may be brought in a superior court of this state, which court shall have jurisdiction over that action until its completion or resolution. Section 361 does not apply to this section.
> (c) Any action brought under this section shall not be dismissed for failure to comply with the applicable statute of limitation, if the action is commenced on or before December 31, 2010.

Cal. Code Civ. P. § 354.3.

Shortly after Section 354.3 became effective, the Ninth Circuit addressed the constitutionality of a substantially similar or "sister" statute, Section 354.6, in *Deutsch v. Turner Corp.*, 324 F.3d 692 (9th Cir. 2003). Section 354.6 was "[a] California statute passed in 1999 [which] create[d] a cause of action . . . for claims involving Second World War slave labor." *Deutsch*, 324 F.3d at 703. Like Section 354.3, under Section 354.6, certain claims were not time-barred if an action was commenced on or before December 31, 2010. *See* Cal. Code Civ. P. § 354.6. In *Deutsch*, the Ninth Circuit found Section 354.6 unconstitutional on its face on the grounds that it violated the foreign affairs doctrine. Specifically, the Ninth Circuit explained that "the Constitution allocates the power over foreign affairs to the federal government exclusively, and the power to make and resolve war, including the authority to resolve war claims, is central to the foreign affairs power in the constitutional design. In the absence of some specific action that constitutes authorization on the part of the federal government, states are prohibited from exercising foreign affairs powers, including modifying the federal government's resolution of war-related disputes " *Deutsch*, 324 F.3d at 714-15. The Ninth Circuit found that by enacting Section 354.6, "California has sought to create its own resolution to a major issue arising out of the war - a remedy for wartime acts that California's legislature believed had never fairly been resolved." *Id.* at 712. As a result, the Ninth Circuit held that "Section 354.6 runs afoul of the restriction on the exercise of foreign affairs powers by the states. Because California lacks the power to create a right of action - or, alternatively, to resurrect time-barred claims - in order to provide its own remedy for war-related injuries inflicted by our former enemies and those who operated in their territories, we hold that section 354.6 is unconstitutional." *Id.* at 716.

As with Section 354.6, by enacting Section 354.3, "California seeks to redress wrongs committed in the course of the Second World War" - a legislative act which "intrudes on the federal government's exclusive power to make and resolve war, including the procedure for resolving war claims." *Id.* at 712. There can be no doubt that, as Judge Reinhardt stated in *Deutsch*, the Holocaust was "the most atrocious act ever perpetrated by a civilized (or uncivilized) people" and "represents the worst historic manifestation of the perpetual human condition known as antisemitism." There are no words which can adequately describe the atrocities suffered by the victims of the Holocaust, and the harms suffered continue to have an effect on the victims and their descendants. For that reason, the Court shares the Ninth Circuit's reluctance in finding

unconstitutional a statute which attempts to provide at least some measure of redress to those victims and their families. However, the Court is not only compelled to apply the foreign affairs doctrine, it is bound by the interpretation of that doctrine as set forth by the Ninth Circuit in *Deutsch*. *See, e.g., Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). Accordingly, in light of and based upon the Ninth Circuit's decision in *Deutsch*, the Court finds Section 354.3 facially unconstitutional.[1]

In her Complaint, Plaintiff admits that "one or more of the Defendants acquired the Cranachs" in 1971 and claims that "Defendants have wrongfully continued to retain possession of the Cranachs since that time." Complaint at ¶ 32. Under the version of California Code of Civil Procedure § 338 in effect at the time Defendants acquired the Cranachs, Plaintiff's predecessor-in-interest had three years to bring "[a]n action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property." *See* Cal. Code Civ. P. § 338. According to her Complaint, Plaintiff did not inherit her alleged claim to the Cranachs until July 21, 1996 - long after the applicable statute of limitations on that claim would have expired. *See* Complaint at ¶ 35. As a result, in the absence of Section 354.3, it is apparent from the allegations of Plaintiff's Complaint that each of Plaintiff's underlying claims for relief is time-barred.[2] *See* Cal. Code Civ. P. § 338.

For all of the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**.

The Scheduling Conference, currently on calendar for October 22, 2007, is **VACATED**.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

---

[1] In light of the Court's finding that dismissal of Plaintiff's Complaint is appropriate because the statute under which Plaintiff's action is brought is unconstitutional, the Court need not address Defendants' remaining arguments in support of their Motion to Dismiss.

[2] Plaintiff alleges that she did not "discover" that the Cranachs were in Defendants' possession until November of 2000. *See* Complaint at ¶ 36. However, her alleged "discovery" of the whereabouts of the Cranachs would not revive the statute of limitation governing her claims which had expired many years prior.