**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAREI VON SAHER,<br><br>           Plaintiff,<br><br>      v.<br><br>NORTON SIMON MUSEUM OF ART AT PASADENA, et al.,<br><br>           Defendants. | Case No. CV 07-2866 JFW (SSx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES' STIPULATION REGARDING CONFIDENTIALITY PROTECTIVE ORDER**<br><br>**[Dkt. No. 132]** |

The Court has received and considered the parties' "Stipulation Regarding Confidentiality Protective Order (the "Proposed Order"). (Dkt. No. 132). The Court cannot adopt the Proposed Order as stipulated to by the parties. The parties may submit a revised stipulated protective order, but must correct the following deficiencies:

The Proposed Order states that the parties have agreed that certain information should be subject to confidentiality.

1  (Proposed Order at 2).  This information would include any
2  "information that the producing party reasonably believes should
3  be kept confidential and not publicly disseminated." (Id. at 1).
4  The Proposed Order would also "govern any document or information
5  furnished by any party to any adverse party in connection with
6  the discovery and pre-trial phases of this action." (Id.).

8  However, the parties have not identified any specific
9  privilege that applies to the information and documents included
10 within the ambit of the Proposed Order.  Moreover, the parties
11 have not specified any other grounds that would justify imposing
12 confidentiality on a broad and unspecified range of information
13 and documents.  Accordingly, the Proposed Order must be denied
14 because its scope is overbroad.

16 In addition, parties are required to show "good cause" for a
17 protective order.  The Proposed Order fails to include an
18 adequate statement of good cause.  Foltz v. State Farm Mut. Auto.
19 Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective
20 order analysis requires examination of good cause) (citing
21 Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th
22 Cir. 2002)).  Federal Rule of Civil Procedure 26(c) requires a
23 "particularized showing" of good cause in order for the court to
24 enter a protective order.  Kamakana v. City and Cnty. of
25 Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (internal citations
26 omitted); see also Fed. R. Civ. P. 26(c).  There is no automatic
27 right to file documents under seal.  To the contrary, there is a
28 \\

1  "strong presumption in favor of [public] access to court
2  records." Foltz, 331 F.3d at 1135.
3
4      In any revised stipulated protective order, the parties
5  should include a statement demonstrating good cause for entry of
6  a protective order pertaining to the specific documents,
7  materials or information described in the order. The paragraph
8  containing the statement of good cause should be preceded by the
9  heading "GOOD CAUSE STATEMENT." The Good Cause Statement should
10 be edited to discuss information that applies to the instant
11 case, specifying any privilege or privileges being invoked and
12 the harm or prejudice that would result from the disclosure of
13 confidential information likely to be produced, assuming no
14 protective order is entered. See Foltz, 331 F.3d at 1130 ("A
15 party asserting good cause bears the burden, for each particular
16 document it seeks to protect, of showing that specific prejudice
17 or harm will result if no protective order is granted."). If the
18 parties seek a "blanket" protective order, then the stipulation
19 must state the justification for this type of protective order.
20 See Blum v. Merrill Lynch Pierce Fenner & Smith, Inc., 712 F.3d
21 1349, 1352 n.1 (9th Cir. 2013) (defining a "blanket" protective
22 order as an order that is obtained without "making a
23 particularized showing of good cause with respect to any
24 individual document") (citing Foltz, 331 F.3d at 1138); Perry v.
25 Brown, 667 F.3d 1078, 1086 (9th Cir. 2012) (blanket protective
26 orders often cover materials that would not qualify for
27 protection if subjected to individualized analysis).
28 \\

1     The Court further cautions that any party seeking to file
2  material under seal must comply with Civil Local Rule 79-5 and
3  with any pertinent orders of the assigned District Judge and the
4  undersigned Magistrate Judge, including any procedures adopted
5  under the Pilot Project for the Electronic Submission and Filing
6  of Under Seal Documents.  Parties may not agree to file all
7  confidential documents under seal, without court approval.

9     All future discovery documents shall include the following
10 in the caption: "[**Discovery Document: Referred to Magistrate**
11 **Judge Suzanne H. Segal**]."  The Court's website (see
12 http://www.cacd.uscourts.gov) contains additional guidance
13 regarding protective orders and a sample protective order.  This
14 information is available in Judge Segal's section of the link
15 marked "Judges' Procedures & Schedules."  The parties may submit
16 a revised Stipulation and [Proposed] Protective Order for the
17 Court's consideration.

19     IT IS SO ORDERED.

21 DATED: June 29, 2015

23                                      /S/
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE

4