1  Ronald L. Olson (Bar No. 44597)
   *Ron.Olson@mto.com*
2  Luis Li (Bar No. 156081)
   *Luis.Li@mto.com*
3  Fred A. Rowley, Jr. (Bar No. 192298)
   *Fred.Rowley@mto.com*
4  Eric P. Tuttle (Bar No. 248440)
   *Eric.Tuttle@mto.com*
5  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
6  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
7  Telephone:  (213) 683-9100
   Facsimile:  (213) 687-3702
8
   Attorneys for Defendants
9  NORTON SIMON MUSEUM OF
   ART AT PASADENA and NORTON
10 SIMON ART FOUNDATION
11

   Edward Gartenberg (Bar No. 102693)
   egartenberg@gghslaw.com
   GARTENBERG GELF& HAYTON LLP
   801 South Figueroa Street, Suite 2170
   Los Angeles, CA 90017
   Telephone:  (213) 542-2100
   Facsimile:   (213) 542-2101

   Lawrence M. Kaye
   *lkaye@herrick.com*
   Howard N. Spiegler
   *hspiegler@herrick.com*
   Darlene Fairman
   *dfairman@herrick.com*
   Frank K. Lord, IV
   *flord@herrick.com*
   HERRICK, FEINSTEIN LLP
   Two Park Ave.
   New York, NY 10016
   Telephone:  (212) 592-1400
   Facsimile:   (212) 592-1500

12
   Attorneys for Plaintiff
13 MAREI VON SAHER

14            UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16

17  MAREI VON SAHER,                    **DISCOVERY DOCUMENT:**
                                        **REFERRED TO MAGISTRATE**
18          Plaintiff,                  **JUDGE SUZANNE H. SEGAL**

19      v.
                                        Case No. CV-07-2866 JFW (SSx)
20  NORTON SIMON MUSEUM OF ART
    AT PASADENA, et al.,
21                                      **STIPULATED PROTECTIVE**
            Defendant.                  **ORDER**
22

23

24  1.    A.    PURPOSES AND LIMITATIONS

25         Discovery in this action is likely to involve production of confidential,

26  proprietary, or private information for which special protection from public disclosure

27  and from use for any purpose other than prosecuting this litigation may be warranted.

28  Accordingly, the parties hereby stipulate to and petition the Court to enter the

1  following Stipulated Protective Order. The parties acknowledge that this Order does

2  not confer blanket protections on all disclosures or responses to discovery and that the

3  protection it affords from public disclosure and use extends only to the limited

4  information or items that are entitled to confidential treatment under the applicable

5  legal principles. The parties further acknowledge, as set forth in Section 12.3, below,

6  that this Stipulated Protective Order does not entitle them to file confidential

7  information under seal; Civil Local Rule 79-5 and section 9 of the Second Amended

8  Standing Order entered in this case set forth the procedures that must be followed and

9  the standards that will be applied when a party seeks permission from the court to file

10  material under seal.

11          B.    GOOD CAUSE STATEMENT

12       Plaintiff and Defendants are in possession of certain documents relevant to the

13  subject matter of this case that were obtained from governmental archives in the

14  Netherlands.  Copies of some of these archival documents were made available to

15  Plaintiff and/or Defendant subject to limitations on the publication or public

16  dissemination of those documents.

17       In addition, Plaintiff has entered into confidential settlements with the Dutch

18  Government and others for the restitution of certain artworks.  Certain documents

19  memorializing those settlements specifically state that they are confidential and not to

20  be disclosed except under certain circumstances.

21       Finally, the Parties anticipate that there may be a limited number of documents

22  that disclose information regarding confidential business practices or sensitive

23  financial information about the Parties or about certain artworks that could

24  deleteriously affect their market value.  Such information is otherwise generally

25  unavailable to the public and may be protected from disclosure under state or federal

26  statutes, court rules, case decisions, or common law.

27       Accordingly, to expedite the flow of information, to facilitate the prompt

28  resolution of disputes over confidentiality of discovery materials, to adequately

STIPULATED PROTECTIVE ORDER

1   protect information the parties are entitled to keep confidential, to ensure that the
2   parties are permitted reasonable necessary uses of such material in preparation for and
3   in the conduct of trial, to address their handling at the end of the litigation, and serve
4   the ends of justice, a protective order for such information is justified in this matter. It
5   is the intent of the parties that information will not be designated as confidential for
6   tactical reasons and that nothing be so designated without a good faith belief that it
7   has been maintained in a confidential, non-public manner, and there is good cause
8   why it should not be part of the public record of this case.

9   2.    DEFINITIONS

10       2.1.   Action:  *Marei von Saher v. Norton Simon Museum of Art at Pasadena*
11   *and Norton Simon Art Foundation*, Case No. CV 07-2866 JFW (SSx).

12       2.2.   Challenging Party:  a Party or Non-Party that challenges the designation
13   of information or items under this Order.

14       2.3.   "CONFIDENTIAL" Information or Items:   information (regardless of
15   how it is generated, stored or maintained) or tangible things that qualify for protection
16   under Federal Rule of Civil Procedure 26(c), and as specified above in the Good
17   Cause Statement.

18       2.4.   Counsel:  Outside Counsel of Record and House Counsel (as well as their
19   support staff).

20       2.5.   Designating Party:  a Party or Non-Party that designates information or
21   items   that   it   produces   in   disclosures   or   in   responses   to   discovery   as
22   "CONFIDENTIAL."

23       2.6.   Disclosure or Discovery Material:  all items or information, regardless of
24   the medium or manner in which it is generated, stored, or maintained (including,
25   among other things, testimony, transcripts, and tangible things), that are produced or
26   generated in disclosures or responses to discovery in this matter.

27

28

STIPULATED PROTECTIVE ORDER

2.7.   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8.   House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10. Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11. Party:  any party to this Action, including all of its officers, directors, board members, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12. Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13. Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14. Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15. Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted

- 4 -

1  from Protected Material; (2) all copies, excerpts, summaries, or compilations of
2  Protected Material; and (3) any testimony, conversations, or presentations by Parties
3  or their Counsel that might reveal Protected Material.

4        Any use of Protected Material at trial shall be governed by the orders of the trial
5  judge. This Order does not govern the use of Protected Material at trial.

6  4.     DURATION

7        Even after final disposition of this litigation, the confidentiality obligations
8  imposed by this Order shall remain in effect until a Designating Party agrees
9  otherwise in writing or a court order otherwise directs. Final disposition shall be
10  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with
11  or without prejudice; and (2) final judgment herein after the completion and
12  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
13  including the time limits for filing any motions or applications for extension of time
14  pursuant to applicable law.

15  5.     DESIGNATING PROTECTED MATERIAL

16        5.1.  <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
17  Each Party or Non-Party that designates information or items for protection under this
18  Order must take care to limit any such designation to specific material that qualifies
19  under the appropriate standards. The Designating Party must designate for protection
20  only those parts of material, documents, items, or oral or written communications that
21  qualify so that other portions of the material, documents, items, or communications
22  for which protection is not warranted are not swept unjustifiably within the ambit of
23  this Order.

24        Mass, indiscriminate, or routinized designations are prohibited. Designations
25  that are shown to be clearly unjustified or that have been made for an improper
26  purpose (e.g., to unnecessarily encumber the case development process or to impose
27  unnecessary expenses and burdens on other parties) may expose the Designating Party
28  to sanctions.

STIPULATED PROTECTIVE ORDER

1   If it comes to a Designating Party's attention that information or items that it
2   designated for protection do not qualify for protection, that Designating Party must
3   promptly notify all other Parties that it is withdrawing the inapplicable designation.

4   5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
5   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
6   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
7   under this Order must be clearly so designated before the material is disclosed or
8   produced.

9   Designation in conformity with this Order requires:

10   (a)   for information in documentary form (e.g., paper or electronic
11   documents, but excluding transcripts of depositions or other pretrial or trial
12   proceedings), that the Producing Party affix at a minimum, the legend
13   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
14   contains protected material.  If only a portion or portions of the material on a page
15   qualifies for protection, the Producing Party also must clearly identify the protected
16   portion(s) (e.g., by making appropriate markings in the margins).

17   A Party or Non-Party that makes original documents available for inspection
18   need not designate them for protection until after the inspecting Party has indicated
19   which documents it would like copied and produced.  During the inspection and
20   before the designation, all of the material made available for inspection shall be
21   deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents
22   it wants copied and produced, the Producing Party must determine which documents,
23   or portions thereof, qualify for protection under this Order.  Then, before producing
24   the specified documents, the Producing Party must affix the "CONFIDENTIAL
25   legend" to each page that contains Protected Material.  If only a portion or portions of
26   the material on a page qualifies for protection, the Producing Party also must clearly
27   identify the protected portion(s) (e.g., by making appropriate markings in the
28   margins).

- 6 -

(b)    for testimony given in depositions, that the Designating Party may provisionally designate a transcript as confidential by so stating on the record, or by so stating in a writing sent to all counsel of record within ten days of the testimony.  That designation shall extend for 14 days after the final transcript is delivered to the designating party.  During that 14-day period, the designating party shall, in good faith, determine which, if any, pages of the transcript actually contain Confidential Information and shall so communicate that determination to all parties, at which point the designation shall be permanent, except as otherwise provided herein.  To the extent practicable, the designated pages of the transcript shall be marked "Confidential."  The 14-day provisional period may be extended by agreement of the parties or by order of the Court.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

- 7 -

6.2.   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   <u>Basic Principles</u>.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

STIPULATED PROTECTIVE ORDER

(b)  the officers, directors, board members, employees (including House Counsel), consultants, advisors, and agents of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)  any person that the parties stipulate in writing may be given Protected Material.

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

STIPULATED PROTECTIVE ORDER

1    If a Party is served with a subpoena or a court order issued in other litigation

2    that compels disclosure of any information or items designated in this Action as

3    "CONFIDENTIAL," that Party must:

4    (a)    promptly notify in writing the Designating Party.  Such notification shall

5    include a copy of the subpoena or court order;

6    (b)    promptly notify in writing the party who caused the subpoena or order to

7    issue in the other litigation that some or all of the material covered by the subpoena or

8    order is subject to this Protective Order.  Such notification shall include a copy of this

9    Stipulated Protective Order; and

10   (c)    cooperate with respect to all reasonable procedures sought to be pursued

11   by the Designating Party whose Protected Material may be affected.

12   If the Designating Party timely seeks a protective order, the Party served with

13   the subpoena or court order shall not produce any information designated in this

14   action as "CONFIDENTIAL" before a determination by the court from which the

15   subpoena or order issued, unless the Party has obtained the Designating Party's

16   permission.  The Designating Party shall bear the burden and expense of seeking

17   protection in that court of its confidential material and nothing in these provisions

18   should be construed as authorizing or encouraging a Receiving Party in this Action to

19   disobey a lawful directive from another court.

20   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

21          IN THIS LITIGATION

22   (a)    The terms of this Order are applicable to information produced by a Non-

23   Party in this Action and designated as "CONFIDENTIAL."    Such information

24   produced by Non-Parties in connection with this litigation is protected by the

25   remedies and relief provided by this Order.  Nothing in these provisions should be

26   construed as prohibiting a Non-Party from seeking additional protections.

27   (b)    In the event that a Party is required, by a valid discovery request, to

28   produce a Non-Party's confidential information in its possession, and the Party is

STIPULATED PROTECTIVE ORDER

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party (the "Possessing Party") shall:

(1)   promptly notify in writing the Party making the request (the "Requesting Party") and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   With respect to any Non-Party other than a foreign government or foreign state or any subdivision or agency of a foreign government or foreign state: If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Possessing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Possessing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d)   With respect to any Non-Party that is a foreign government or foreign state or any subdivision or agency of a foreign government or foreign state:   The Possessing Party shall promptly take those steps that it reasonably concludes are consistent with its obligations to produce documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Court, under this Order, and under any other applicable U.S. law, as well as its obligations under any applicable foreign law.   The Possessing Party shall provide a log identifying any documents that are being withheld from production on the basis that they are the confidential information

- 11 -

of a Non-Party that is a foreign government or foreign state or any subdivision or agency of a foreign government or foreign state and apprise the Requesting Party of the steps that are being taken by the Possessing Party to permit the production of the documents. In the event that the Requesting Party and the Receiving Party dispute the appropriateness of the identifying log or the steps being taken, the Parties shall meet and confer on the issue. If the parties are unable to resolve the dispute, the Requesting Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
       PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Upon receiving such notice, the receiving party shall promptly undertake commercially reasonable efforts to return to the producing party or destroy all summaries or copies of such materials, shall provide notice in writing that the receiving party has undertaken commercially reasonable efforts to return or destroy such materials, and shall not use such materials for any purpose unless the receiving party receives further order from the Court. Such return or destruction and certification must occur within 10 days of receipt of the request. Each party reserves

STIPULATED PROTECTIVE ORDER

its right to challenge the status of any material as Privileged Material consistent with Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502, and other applicable law, except as modified in the next paragraph.

Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production of a document subject to a claim of attorney-client privilege, work-product protection, or any other applicable privilege or protection is not a waiver of, or estoppel to, the privilege or protection in this case or in any other federal or state proceeding, regardless of the reasonableness of the steps that the party took to prevent the inadvertent disclosure or the promptness of the steps taken to rectify the error.

12.    MISCELLANEOUS

12.1.  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and section 9 of the Second Amended Standing Order entered in this case.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this

STIPULATED PROTECTIVE ORDER

1 | subdivision, "all Protected Material" includes all copies, abstracts, compilations,
2 | summaries, and any other format reproducing or capturing any of the Protected
3 | Material.   Whether the Protected Material is returned or destroyed, the Receiving
4 | Party must submit a written certification to the Producing Party (and, if not the same
5 | person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
6 | (by category, where appropriate) all the Protected Material that was returned or
7 | destroyed and (2) affirms that the Receiving Party has not retained any copies,
8 | abstracts, compilations, summaries or any other format reproducing or capturing any
9 | of the Protected Material.   Notwithstanding this provision, Counsel are entitled to
10 | retain an archival copy of all pleadings, motion papers, documents filed with the court,
11 | trial, deposition, and hearing transcripts, legal memoranda, correspondence,
12 | deposition and trial exhibits, expert reports, attorney work product, and consultant and
13 | expert work product, even if such materials contain Protected Material.   Any such
14 | archival copies that contain or constitute Protected Material remain subject to this
15 | Protective Order as set forth in Section 4 (DURATION).

16 | 14.   Any violation of this Order may be punished by any and all appropriate
17 | measures including, without limitation, contempt proceedings and/or monetary
18 | sanctions.

19 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20 | DATED: August 14, 2015

21 | HERRICK & FEINSTEIN LLP
22 | LAWRENCE M. KAYE
   | HOWARD N. SPIEGLER
23 | DARLENE FAIRMAN
   | FRANK K. LORD, IV

25 | By: /s/ Lawrence M. Kaye
26 |        Lawrence M. Kaye

- 14 -

1  GARTENBERG GELF& HAYTON LLP
2     EDWARD GARTENBERG

3  By: /s/ Edward Gartenberg
4       Edward Gartenberg

5  Attorneys for Plaintiff
   MAREI VON SAHER
6

7  MUNGER, TOLLES & OLSON LLP
      RONALD L. OLSON
8     LUIS LI
      FRED A. ROWLEY, JR.
9     ERIC P. TUTTLE

10
11 By: /s/ Eric P. Tuttle
        Eric P. Tuttle

12
13 Attorneys for Defendants
   NORTON SIMON MUSEUM OF ART AT PASADENA and NORTON SIMON
   ART FOUNDATION
14

15 Pursuant to C.D. Cal. Rule 5-4.3.4(a)(2)(i), I, Lawrence M. Kaye, attest that all other

16 signatories listed, and on whose behalf the filing is submitted, concur in the filing's

17 content and have authorized the filing.

18                          By: /s/ Lawrence M. Kaye
19                              Lawrence M. Kaye

20 **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

21

22 DATED: ___9/10/15___

23

24 ___Suzanne H. Segal___

25 Hon. Suzanne H. Segal
26 United States District/Magistrate Judge

27

28

                            - 15 -

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Marei von Saher v. Norton Simon Museum of Art at Pasadena and Norton Simon Art Foundation*, Case No. CV 07-2866 JFW (SSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER